ROBERTS and others, Respondents, vs. RUST and others, Appellants.

*November 8 — November 24, 1899.*

*Waters: Meander line of lake: Injunction against flooding lands: Pleading.*

1. By ch. 66, Laws of 1899, owners of land adjoining a lake were authorized to restore its waters to the natural flow and line thereof, up to the meander line as indicated by the original government survey, and for that purpose to fill any ditch or outlet which had been dug or deepened since said survey. In an action to restrain the erection of a dam across the outlet of said lake, the complaint alleged ownership, use, and occupation by the plaintiffs and their grantors, for more than forty years, of lands abutting on the lake and the outlet, which would be overflowed and their value diminished by the construction of the dam, and their water supply along the outlet cut off, and that the construction of the dam was wrongful and done with the design to injure plaintiffs; but there was nothing alleged from which it might be inferred that the defendants were owners of land adjoining the lake, or that the outlet had ever been deepened, or that they were acting under said ch. 66. *Held,* that the complaint stated a cause of action entirely outside of said ch. 66, and that the constitutionality of that act was therefore not before the court.

2. Under the allegations of ownership, use, and occupation, for more than forty years, of lands abutting on the lake, it cannot be assumed that such lands are within the meander line.

APPEAL from an order of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Affirmed.*

*E. W. Chafin,* for the appellants.

For the respondents there was a brief by *Tullar & Lockney* and *Ryan & Merton,* and oral argument by *Henry Lockney* and *T. E. Ryan.*

BARDEEN, J.    The defendants appeal from an order overruling their demurrer to the complaint.   The facts alleged show that Spring Lake is a meandered lake in Waukesha county; that plaintiffs are the owners and in possession of land abutting on said lake and upon the outlet to the same, of great value because of their proximity thereto; that since long prior to 1860 the waters in the lake have been continuously maintained at a uniform level, with a stream of water running therefrom through the outlet mentioned; that the land adjoining the lake was valuable as meadow land and lake-front property, and the outlet was useful and valuable for watering stock; that titles to land had changed, and lands had been bought, sold, improved, cultivated, fenced, and used by the plaintiffs and their grantors for more than forty years, relying upon the conditions stated; that about May 4, 1899, the defendants wrongfully caused a dam to be constructed across the outlet to the lake, whereby the water was set back and overflowed many acres of the lake-front lands of the plaintiffs, the water supply of their lands along the outlet was cut off, and their lands diminished in value; that since said wrongful acts were committed said dam has been removed, and the water restored to its former level, but the plaintiffs believe and fear that, unless restrained from so doing, the defendants will replace said dam, as they have threatened to do, to their lasting and irreparable injury.   The demand for relief is that the rights of the plaintiffs be adjudged, and the defendants be perpetually enjoined from placing any dam across the outlet of the lake.

The ground upon which the demurrer is based is that ch. 66, Laws of 1899, makes it lawful for the owners of land adjoining Spring Lake to restore the waters of such lake to the natural flow up to the meander line, as indicated by the original government survey, and to fill up any ditch or outlet which has been dug or deepened since the original government survey. Under this statute it is urged that, inasmuch as the complaint does not allege that the overflowed lands are above the meander line, it fails to state a cause of action. We cannot sanction this view. It is amply alleged that the plaintiffs are the owners and in possession of this land, and that they and their grantors have possessed and occupied the same for more than forty years. The idea of ownership is entirely inconsistent with the theory that the disputed tract is within the meander line. Strictly speaking, the meander line is not a property line in its absolute sense. It is a line adopted by the government for the purpose of defining the sinuosities of the banks of streams and lakes, to determine the actual amount of land in a given tract, to which the property line of adjacent owners may or may not conform, depending upon the location of the actual water line. See cases cited in *Mendota Club v. Anderson*, 101 Wis. 479. It is true the owner of lands bounded by the meandered lake, as such, takes no fee to the soil under the waters. But it is equally true that he has a right to the accretions formed by slow and imperceptible degrees upon or against his land from natural causes, and to those portions of the land of the lake adjoining his land which may be uncovered in the same manner by recession of the water. *Boorman v. Sunnuchs*, 42 Wis. 233. There is nothing in the complaint from which we can infer that the defendants are the owners of any land adjoining this lake, or that the outlet that was closed up has ever been deepened, or that the defendants were acting under ch. 66. It must be conceded that a wrongful closing up of the outlet, which has " existed

as a running stream or creek flowing from said lake" for all these years, which causes an overflow of adjacent lands, or which deprives the owners of land on the outlet of the use of water as it passes their premises, is an invasion of property rights which a court of equity will protect. We are urged to determine the constitutionality of ch. 66, above referred to. The question is not here for determination. The allegations of ownership, use, and occupation negative the idea that the lands overflowed are within the boundaries which the defendants might claim a right to overflow. Add to these the admitted allegations that the construction of the dam was wrongful and done with the design to injure the plaintiffs, and we have a case entirely without the lines of the statute. If it is deemed desirable to dispose of this case without the expense of a trial on the merits, the defendants may answer, setting up the facts that bring the situation within the terms of the law, and it may then be tested on demurrer.

*By the Court.*— The order of the circuit court is affirmed.